

May 5, 2021

**VIA ECF**

Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street,
New York, NY 10007

> By no later than May 7, 2021, Plaintiff shall file a response to this letter, describing the basis for his objections to the proposed Confidentiality Stipulation.
>
> SO ORDERED.
>
> Date: May 5, 2021          JOHN P. CRONAN
> New York, New York    United States District Judge

Re:   Tomas Sapon v. KDD Restaurant Group LLC, et al.,
       U.S. District Court, S.D.N.Y., Civ. No. 1:20-cv-8238 (JPC)

Dear Judge Cronan:

This firm represents Defendants KDD Restaurant Group LLC, d/b/a Makana, David Chan, and David Hom ("Defendants") in the above-referenced action. Pursuant to Local Civil Rule 37.2 and Rule 5(C) of the Court's Individual Rules and Practices, Defendants respectfully request a pre-motion conference in anticipation of Defendants' motion for entry of the proposed Confidentiality Stipulation For the Production and Exchange of Confidential Information ("Confidentiality Stipulation"), a copy of which is annexed hereto as **Exhibit A** for the Court's consideration. Alternatively, to the extent that the Court determines a pre-motion conference is not necessary, Defendants respectfully request the Court's endorsement of the enclosed Confidentiality Stipulation.

I.   **Background**

The parties attended court-mandated mediation held on March 5, 2021. See Dkt. No. 25. Though mediation was unsuccessful, the parties have continued to discuss a potential resolution. Specifically, to aid in the evaluation of his claims, Plaintiff requested that Defendants produce certain confidential, sensitive financial information, e.g., personal and corporate bank statements, tax returns, and profit and loss statements, pertaining not only to the Defendants in this matter but also that of non-parties and outside entities. Furthermore, on March 8, 2021, Plaintiff served 86 document demands, seeking, among other things, both the corporate and individual Defendants' federal, state, and local income tax forms; corporate Defendants' transfer of business assets and statements of debt; and payments or transactions of value amongst Defendants.

On April 7, 2021, Defendants provided a proposed Confidentiality Stipulation to Plaintiff in anticipation of producing any responsive documents as described herein. Despite his document and information requests, Plaintiff, however, refuses to enter into any Confidentiality Stipulation. By correspondence dated April 23, 2021, Plaintiff asserted that the proposed stipulation was "too broad for the limited purpose of exchanging financial information for the purposes of settlement evaluation." In response, Defendants explained to Plaintiff that: (1) the Confidentiality Stipulation was expected to govern the remainder of the instant litigation, including the production by the

Honorable John P. Cronan
May 5, 2021
Page 2

parties of information or documents containing private identifying information and confidential business records; (2) confidentiality stipulations are routinely entered into by the parties in federal litigation and numerous judges in both the Southern and Eastern Districts of New York have model confidentiality stipulation and proposed protective orders; and (3) our respective firms (Michael Faillace & Associates, P.C. and Littler Mendelson, P.C.) have routinely entered into confidentiality stipulations in federal wage-and-hour actions, and Defendants provided Plaintiff with a sample confidentiality stipulation from a prior action where the parties were represented by our respective firms. Other than stating that this was a "routine FLSA / NYLL case," Plaintiff has not provided specific objections for his refusal to enter into a Confidentiality Stipulation, nor has he offered any revisions to the proposed stipulations or indicated which provisions were unacceptable to Plaintiff.

On May 3, 2021, the undersigned spoke directly to Plaintiff's counsel, Mr. Tucker, to resolve this confidentiality issue without court intervention. While Mr. Tucker, again, refused to agree to any confidentiality stipulation, the undersigned offered, yet, another accommodation, and sent Plaintiff's Counsel a revised confidentiality stipulation on May 4, 2021 (with language adopted from the model confidentiality samples issued by Magistrate Judges Parker and Moses). The undersigned also provided Mr. Tucker with copies of the model confidentiality stipulations issued by Judges Parker and Moses (annexed hereto at **Exhibits B and C**, respectively) and advised Plaintiff that any of three stipulations would be acceptable to Defendants in this action. The undersigned requested that Mr. Tucker respond with his choice of the confidentiality stipulation by the afternoon of May 4th. However, as of this May 5th filing, Mr. Tucker remains unresponsive and is apparently maintaining his initial position.

Despite Plaintiff's refusal to enter into a confidentiality stipulation, all parties (including Plaintiff) executed the Southern District of New York's "Mediation Confidentiality Agreement (5/19/2020)" in connection with the parties' participation at March 5, 2021 mediation. Thus, it is unclear why Plaintiff now takes this untenable position, which has unfortunately necessitated this letter motion. Defendants have repeatedly advised Plaintiff that this letter motion would not be a good use of judicial time and resources. Even with Defendants' multiple attempts to reach an accord on this mutually beneficial confidentiality stipulation, Mr. Tucker has simply refused to confer in good faith. As set forth more fully below, the protection sought in this case is consistent with the Federal Rules of Civil Procedures ("FRCP") and warranted in this case.

II.  **The Court May Order a Confidentiality and Protective Order**

FRCP 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c). "It is well-settled that courts have broad power to enter protective orders under Rule 26(c) that prohibit parties from sharing discovery materials with non-litigants." Dorsett v. Cnty. of Nassau, 800 F. Supp. 2d 453, 457 (E.D.N.Y. 2011), aff'd sub nom. Newsday LLC v. Cnty. of Nassau, 730 F.3d 156 (2d Cir. 2013). The party seeking a protective order "must also show good cause for restricting dissemination on the ground that it would be harmed by its disclosure." Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc., 16 Civ.8681 (GBD)(BCM), 2016 WL 1364942, at *3 (S.D.N.Y. Mar. 28, 2016) (quoting Wright, et al., Federal Practice and Procedure § 2043 (3d ed.2010)). Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." In re Sept. 11 Litig., 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (quoting In re Terrorist Attacks on Sept. 11, 2001, 454 F.Supp.2d 220, 222

Honorable John P. Cronan
May 5, 2021
Page 3

(S.D.N.Y. 2006)).  If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order.  See New Falls Corp. v. Soni, 16 Civ. 6805 (ADS)(AKT), 2020 WL 2836787, at *3 (E.D.N.Y. May 29, 2020).  Ultimately, the District Court has "substantial latitude" in determining whether to enter into a protective order.  Janfeshan v. U.S. Customs & Border Protection, 16 Civ. 6915 (ARR)(LB), 2018 WL 741369, at *3 (E.D.N.Y. Feb. 7, 2018).

Defendants respectfully submit that a protective order is necessary in order to protect their interests, as well as that of non-parties and outside entities which are not involved in this action.  Specifically, this Court has held that:

> Certain categories of information and documents are "presumptively confidential," including tax returns.  Where tax returns are produced in discovery, protective orders are the norm, not the exception.  Similarly, detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment.

Closed Joint Stock Co. "CTC Network,", 2016 WL 1364942, at *4 (citations omitted).

Here, Plaintiff has requested detailed, internal documents containing non-public financial information of the corporate Defendant, as well as private tax returns from the individual Defendants.  Specifically, some of the financial information requested by Plaintiff shows detailed breakdowns of corporate Defendants' revenues, expenses, including overhead, payroll, and costs of operation.  Id. at *4.  Such information warrants confidential treatment by the Court.  See **Exhibit A**.  Moreover, Plaintiff's discovery requests and settlement valuation is dependent on Plaintiff's review of the financial and corporate bank statements of parties, non-parties and other outside entities.  These facts further justify Defendants' position that such confidential documents and information, particularly that related to non-parties, must be protected from disclosure outside of the instant litigation.  Thus, Defendants have made a threshold showing a protective order is warranted.  Plaintiff has not set forth specific objections to the proposed Confidentiality Stipulation, nor has he offered any alternative language despite receiving three different versions of a confidentiality stipulation (including the model stipulations issues by Judges Parker and Moses).

Based on the foregoing, Defendants respectfully request a pre-motion conference regarding their anticipated motion for a protective order, or, in the alternative, that the Court so-order the proposed Confidentiality Stipulation.  We thank the Court for its time and attention to the matters discussed herein.

Respectfully submitted,

Littler Mendelson, P.C.

/s/ William H. Ng

William H. Ng

cc:   Clifford Tucker, Esq. of Michael Faillace & Associates, P.C. (Via ECF)